IN THE UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF GEORGIA (ATLANTA)

IN RE:

| | | |
|---|---|---|
| STEVEN B. CROCKER and CAROLYN R. CROCKER, | } } } | CHAPTER 7 |
| | } | CASE No.: 09-90696 JB |
| Debtors. | } | |

| | | |
|---|---|---|
| LARRY McGILL, | } | **ADVERSARY CASE No.:** |
| Plaintiff. | } | _____ |
| v. | } | |
| STEVEN B. CROCKER and CAROLYN R. CROCKER, | } } | |
| Defendants. | } | |

**COMPLAINT EXCEPTING TO DISCHARGE OF DEBT PURSUANT TO 11 U.S.C. § 523(a)(2), (4) AND 11 U.S.C. § 727(a)**

COMES NOW LARRY McGILL ("Plaintiff"), for his Complaint against STEVEN B. CROCKER and CAROLYN R. CROCKER (collectively the "Defendants" and "Debtors"), shows as follows:

## JURISDICTION AND VENUE

1. This action is brought pursuant to 11 U.S.C. § 523(a)(2) and (a)(4), and pursuant to 11 U.S.C. § 727(a) for determination of the dischargeability of the Defendant's debt to the Plaintiff.

2. This Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 157.

3. Defendants are subject to personal jurisdiction in this Court because they have filed this bankruptcy petition and because they are United States citizens. Venue is proper in the Northern District of Georgia because the Defendants reside in the Northern District of Georgia.

## PARTIES

4. Defendant STEVEN B. CROCKER (hereinafter "S. CROCKER") is a debtor, and an individual residing in the State of Georgia.

5. Defendant CAROLYN R. CROCKER (hereinafter C. CROCKER), is a debtor, and an individual residing in the State of Georgia.

6. Plaintiff is an individual residing in the State of Georgia.

## UNDERLYING FACTS

7.      Defendants S. CROCKER and C. CROCKER created and operated a Georgia limited liability company called CROC MUSCLE AND NUTRITION, LLC ("CROC MUSCLE").  CROC MUSCLE'S registered office was located at 3662 Treybyrne Crossing, Dacula, Gwinnett County, Georgia.

8.      CROC MUSCLE is in the business of retailing muscle-building and other nutritional supplements.

9.      Beginning approximately May, 2007, Defendants asked the Plaintiff to invest in CROC MUSCLE.  Defendants supplied the Plaintiff with false financial information concerning the financial status of their business which the Plaintiff relied upon in deciding to make his investment.

10.     Plaintiff made a monetary investment in CROC MUSCLE in approximately May, 2007.

11.     As a part of his investment, on or about May 7, 2007 Plaintiff guaranteed a lease agreement between CROC MUSCLE and Sugarloaf Parkway, LLC (hereinafter the "Sugarloaf Lease").

12. As a part of his investment, on or about July 23, 2007, Plaintiff signed a promissory note and unconditional guaranty for a business line of credit for CROC MUSCLE in favor of Wachovia Bank (hereinafter the "Wachovia Note").

13. On information and belief, Defendants supplied Wachovia Bank with false information in order to induce the bank to make the loan.

14. The parties agreed the proceeds of the Wachovia Note would be used only to expand the business.

15. In August, 2007 the parties mutually agreed to rescind their business agreement such that the Plaintiff would no longer be a member of CROC MUSCLE.

16. As a part of the parties' agreement to rescind the contract, the Defendants agreed to refund the Plaintiff's monetary investment, remove the Plaintiff's name from the liability on the Wachovia Note, and remove the Plaintiff's name from liability for the Sugarloaf Lease.

17. The Plaintiff's obligation in regards to the rescission was to return his membership interest in CROC MUSCLE to the Defendants. The Plaintiff fully performed his obligations in regards to the rescission.

18. The Defendants failed to remove the Plaintiff's name from the Wachovia Note, yet informed the Plaintiff they had removed his name. After deceiving the Plaintiff about the status of the Wachovia Note, the Plaintiff drew additional funds against the Wachovia Note without informing the Plaintiff.

19. The Defendants failed to remove the Plaintiff's name from the Sugarloaf Lease, yet informed the Plaintiff they had removed his name. Defendants claimed there were no issues regarding the Sugarloaf Lease, yet soon thereafter defaulted on their lease payments.

20. The Defendants returned the Plaintiff's original investment, but obtained the money to do so by borrowing against the Wachovia Note which the Plaintiff was obligated to repay. The Defendants fraudulently told the Plaintiff the money was from other sources.

21. The Defendants failed to use the proceeds of the Wachovia Note for the agreed upon purposes.

22. Defendants defaulted on the Wachovia Note, and Wachovia Bank made a demand on the parties for full payment of the Wachovia Note on June 30, 2008.

23. The Defendants defaulted on the Sugarloaf Lease, and the Plaintiff, CROC MUSCLE, and S. CROCKER were sued in the Gwinnett County State Court, case style:

*Sugarloaf Parkway, LLC v. Croc Muscle and Nutrition, LLC, Steven B. Crocker, and Larry McGill*, Case Number: 08C-21449-3.  This lawsuit was settled via consent order requiring all the Defendants in the case, including S. CROCKER and the Plaintiff herein, to pay the Plaintiff thirty-six monthly installments of $1,400.00 (the "Consent Order").

24.     Plaintiff filed a suit in the Superior Court of Gwinnett County styled *Larry McGill v. Croc Muscle and Nutrition, LLC, Steven B. Crocker and Carolyn R. Crocker*, Civil File No.: 09A00410-4 with multiple fraud counts.  That suit against the Defendants was dismissed without prejudice after an Agreement was reached April 23, 2009 (the "Settlement Agreement").

25.     The Settlement Agreement directed that the Crockers would (1) make the payments to the Sugarloaf landlord required by the Consent Order; (2) make the payments required by the Wachovia Note; (3) provide the Plaintiff with quarterly financial reports for the business; and (4) execute a security agreement pledging the business assets as collateral for the other obligations of the Settlement Agreement.

26.     The Defendants made one payment to the Sugarloaf landlord, then defaulted without explanation.  The Plaintiff herein was forced to make said payment since that default.

27.     Likewise, almost immediately, the Defendants failed to make the payments as agreed in the Settlement Agreement toward the Wachovia Note.

28.     The Defendants failed and refused to sign the Security Agreement as directed.

29.     The Defendants failed to provide monthly profit and loss statements for CROC MUSCLE as directed.

30.     Beginning June 28, 2009, Defendant's formed and began operating a parallel Georgia Limited Liability Company called CROC FIT ENTERPRISES, LLC (hereinafter "CROC FIT").

31.     C. CROCKER and S. CROCKER were the organizers and owners of CROC FIT.

32.     CROC FIT is in the same business as CROC MUSCLE, share ownership, shares the logo of CROC MUSCLE, and is located minutes from CROC MUSCLE.

33.     CROC FIT had substantial sales during the time period from August through December, 2009.

34.     CROC FIT maintained a bank account at Bank of America separate and apart from CROC MUSCLE.   Debtors are the only signers on the CROC FIT bank account. Based upon bank statements provided by the debtors, CROC FIT had gross sales in the following amounts for the periods given:

    a.    8/1/09 – 8/31/09    $35,403.87

    b.    9/1/09 – 9/30/09    $32,058.64

    c.    10/1/09 – 10/31/09    $46,724.93

    d.    11/1/09 – 11/30/09    $27,551.39

35. Despite these sales, Defendants failed to list CROC FIT as an asset on their bankruptcy petition.

36. CROC MUSCLE closed in December, 2009. CROC FIT opened a retail outlet a short distance from the CROC MUSCLE outlet in January, 2010.

37. This bankruptcy petition is the Debtors' second Chapter 7 Petition, the first having been filed in Connecticut on or about August 31, 2001 (U.S. Bankruptcy Court, District of Connecticut, Petition No.: 01-34313, Judge Weil). Debtors were discharged in that case January 9, 2002.

**COUNT I – FRAUDULENT INDUCEMENT OF ORIGINAL INVESTMENT**

38. All of the previous paragraphs are incorporated herein as though repeated verbatim.

39. The Defendants intentionally misrepresented their financial status, their business experience, and the accounting records for the business.

40. The Defendants' misrepresentations were intended to induce the Plaintiff to invest in the Defendants' business.

41. The Defendants' misrepresentations legally and proximately induced the Plaintiff to invest in the Defendants' business.

42. The Plaintiff reasonably relied on the fraudulent statements of the Defendants to his detriment.

43. Plaintiff has been harmed financially as a result of the Defendants' misrepresentations.

44. Defendants' debt to the Plaintiff is non-dischargeable because it was the result of fraud as defined in 11 U.S.C. § 523(a)(2), and should be declared such by this Court.

45. Plaintiff is entitled to a money judgment against debtors in an amount to be proven at trial.

**COUNT II – FRAUDULENT INDUCEMENT OF RESCISSION**

46.     All of the previous paragraphs are incorporated herein as though repeated verbatim.

47.     The Defendants intentionally misrepresented their ability and intentions of refunding the Plaintiff's original investment by refunding the money to Plaintiff by borrowing it against an instrument on which Plaintiff was obligated.

48.     The Defendants misrepresented their intention and ability to remove the Plaintiff's name from the Sugarloaf Lease.  Further, the Defendants fraudulently informed the Plaintiff they had removed Plaintiff's name from the Sugarloaf Lease.

49.     The Defendants misrepresented their intention and ability to remove the Plaintiff's name from the Wachovia Note.  Further, the Defendants fraudulently informed the Plaintiff they had removed the Plaintiff's name from the Wachovia Note.

50.     The Defendants' misrepresentations were intended to induce the Plaintiff to rescind his investment in the Defendants' business, and to allow the Defendants to continue to draw on the Wachovia Note without interruption.

51.     The Defendants' misrepresentations legally and proximately induced the Plaintiff to rescind his investment in the Defendants' business, and to allow the Defendants to communicate and deal with the bank (Wachovia) and Sugarloaf landlord without the Plaintiff's interference.

52. The Plaintiff reasonably relied on the fraudulent statements of the Defendants to his detriment.

53. Plaintiff has been harmed financially as a result of the Defendants' misrepresentations.

54. Defendants' debt to the Plaintiff is non-dischargeable because it was the result of fraud as defined in 11 U.S.C. § 523(a)(2), and should be declared such by this Court.

55. Plaintiff is entitled to a money judgment against debtors in an amount to be proven at trial.

### COUNT III – FRAUDULENT INDUCEMENT INTO SETTLEMENT AGREEMENT

56. All of the previous paragraphs are incorporated herein as though repeated verbatim.

57. The Defendants fraudulently induced the Plaintiff into entering into the Settlement Agreement.

58. The Defendants never intended to honor their obligations contained in the Settlement Agreement, and entered into the agreement only to delay the Plaintiff so they

could gain sufficient time from the date of their previous bankruptcy in order to file this bankruptcy.

59. The Defendants intended for the Plaintiff to rely on their misrepresentations.

60. The Plaintiff reasonably relied on the Defendants' misrepresentations to his detriment.

61. The Plaintiff suffered harm as a result of Defendants' fraudulent statements.

62. Defendants' debt to the Plaintiff is non-dischargeable because it was the result of fraud as defined in 11 U.S.C. § 523(a)(2), and should be declared such by this Court.

63. Plaintiff is entitled to a money judgment against debtors in an amount to be proven at trial.

### COUNT IV – MISREPRESENTATION OF FINANCIAL STATUS

64. All of the previous paragraphs are incorporated herein as though repeated verbatim.

65. The Debtors misrepresented their financial status to Wachovia Bank in order to induce the bank to make the loan resulting in the Wachovia Note.

66. The bank would not have made the loan were it not for the debtors' misrepresentations, and the Plaintiff would not have co-signed on the loan absent the debtors' misrepresentations.

67. The debtors' misrepresentations were intentional, and were intended to cause reliance by the Plaintiff.

68. The Plaintiff has been harmed by the Debtors misrepresentations in this regard.

69. Defendants' debt to the Plaintiff is non-dischargeable because it was the result of fraud as defined in 11 U.S.C. § 523(a)(2), and should be declared such by this Court.

70. Plaintiff is entitled to a money judgment against debtors in an amount to be proven at trial.

## COUNT V – DEFALCATION OF A FIDUCIARY DUTY

71. All of the previous paragraphs are incorporated herein as though repeated verbatim.

72. The Debtors were co-obligors on the Wachovia Note.

73. The Plaintiff and the Debtors were all members of CROC MUSCLE for the time period from approximately May, 2007 through August, 2007.

74. As co-obligors on the Wachovia Note, and co-owners of CROC MUSCLE, the Debtors owed the Plaintiff a fiduciary duty regarding use of the Company funds and credit.

75. The Debtors violated their fiduciary duties to Plaintiff by (1) borrowing money against the Wachovia Note to pay the Plaintiff back his original investment; (2) using the proceeds of the Wachovia Note to support their extravagant lifestyle, including purchasing to Hummer vehicles; (3) using the proceeds of the Wachovia Note for non-business related expenses.

76. Defendants' debt to the Plaintiff resulting from this violation is non-dischargeable because it was the result of fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny as defined in 11 U.S.C. § 523(a)(4), and should be declared such by this Court.

77. Plaintiff is entitled to a money judgment against debtors in an amount to be proven at trial.

**COUNT VI – CONCEALMENT OF ASSETS**

78. All of the previous paragraphs are incorporated herein as though repeated verbatim.

79. Defendants filed the underlying Bankruptcy Petition on November 19, 2009.

80. The Defendants formed a Georgia Limited Liability Company called CROC FIT ENTERPRISES, LLC (hereinafter "CROC FIT") on June 28, 2009. Debtors owned CROC FIT.

81. According to the debtors, CROC FIT was an online "drop-ship" company until January, 2010.

82. Debtors failed to list CROC FIT in their schedule of assets in their bankruptcy petition, despite having $141,173.83 in gross sales for the four (4) month period between August and December, 2009. Debtors' sales were allegedly generated through their website, www.fitcroc.com.

83. Debtors testified the profit margins (or markup) for the products sold during this period were between 15 and 20%. However on information and belief, the margins were actually higher.

84. On information and belief, the debtors realized substantial profits from the operation of CROC FIT which they deliberately and willfully concealed from their creditors, the bankruptcy court, and the trustee.

85.  Defendant debtors have fraudulently concealed assets in violation of 11 U.S.C. § 727(a).

86.  Debtors should not be granted a discharge based upon their fraudulent bankruptcy Petition.

### COUNT VII – PUNITIVE DAMAGES

87.  All of the previous paragraphs are incorporated herein as though repeated verbatim.

88.  The Defendants' actions have been willful, wanton, in bad faith, and have shown the Defendants to be consciously indifferent to the rights of the Plaintiff.

89.  The Plaintiff is entitled to recover punitive damages, attorney's fees, and the expenses of litigation in order to deter the Defendants from engaging in this type of behavior in the future.

### COUNT VIII – ATTORNEY'S FEES

90.  All of the previous paragraphs are incorporated herein as though repeated verbatim.

91.  Defendants are liable to the Plaintiff for his attorney's fees and costs of litigation because the Defendants intentionally defrauded the Plaintiff.

WHEREFORE, Plaintiff prays as follows:

(a) That process issue in terms of the law;

(b) That the Court enter judgment in favor of the Plaintiff and against the Defendants for compensatory damages, punitive damages, attorney's fees, and interest;

(c) That the Court enter an Order declaring the debt owed to the Plaintiff by the Defendant debtors is non-dischargeable pursuant to the Bankruptcy Code, and remains due and owing the Plaintiff;

(d) That the Plaintiff have other such relief as the Court deems just under the circumstances.

THE MOULTON LAW FIRM

*/s/ Jeremy A. Moulton*
Jeremy A. Moulton
GA Bar No.: 527398
Attorney for Larry McGill

925 Railroad Street
Conyers GA 30012
(770) 483-4406
FAX (770) 388-9201